Laurence Sandell (SBN 262186)
lsandell@meimark.com
Lei Mei (SBN 240104)
mei@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-117

Manni Li (SBN 273984)
mli@meimark.com
Mei & Mark LLP
433 North Camden Drive, Suite 400
Beverly Hills, CA 90210
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769

Attorneys for
UNIFIED PATENTS, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE COURTHOUSE

| | |
|---|---|
| **Unified Patents, LLC,** | ) Case No. 5:22-mc-80270 |
| Plaintiff, | ) **UNIFIED PATENTS, LLC'S** |
| vs. | ) **NOTICE OF MOTION AND** |
| | ) **MOTION TO QUASH SUBPOENAS** |
| **TEXTILE COMPUTER SYSTEMS, INC.,** | ) **ISSUED BY TEXTILE COMPUTER** |
| | ) **SYSTEMS, INC.; MEMORANDUM** |
| | ) **OF POINTS AND AUTHORITIES** |
| | ) **IN SUPPORT THEREOF** |
| Defendants. | ) Date Action Filed: October 10, 2022 |

TO PLAINTIFF TEXTILE COMPUTER SYSTEMS, INC. AND ITS ATTORNEYS OF RECORD:

Pursuant to Federal Rule of Civil Procedure 45 and N.D. Cal. Local Rule 7-1, Unified Patents, LLC ("Unified"), through its undersigned counsel, serves its Notice of Motion to Quash Subpoenas in a Civil Action, (the "Subpoenas"), in the above-styled case.

Unified respectfully requests that this Court quash eight (8) substantially identical Subpoenas served on Unified by Textile Computer Systems, Inc. ("Textile") in connection with the following related lawsuits brought by Textile in the Western District of Texas:

A.  *Textile Computer Systems, Inc. v. Broadway National Bank d/b/a Broadway Bank,* 6:21-cv-1050-ADA (W.D. Tex. Oct 12, 2021),

B.  *Textile Computer Systems, Inc. v. Charles Schwab Bank,* 6:21-cv-1051-ADA (W.D. Tex. Oct 12, 2021),

C.  *Textile Computer Systems, Inc. v. Comerica Bank,* 6:21-cv-1052-ADA (W.D. Tex. Oct 12, 2021),

D.  *Textile Computer Systems, Inc. v. Frost Bank,* 6:21-cv-1053-ADA (W.D. Tex. Oct 12, 2021),

E.  *Textile Computer Systems, Inc. v. Independent Bank,* 6:21-cv-1054-ADA (W.D. Tex. Oct 12, 2021),

F.  *Textile Computer Systems, Inc. v. Southside Bank,* 6:21-cv-1056-ADA (W.D. Tex. Oct 12, 2021),

G.  *Textile Computer Systems, Inc. v. Texas Capital Bank,* 6:21-cv-1057-ADA (W.D. Tex. Oct 12, 2021),

H.  *Textile Computer Systems, Inc. v. Vantage Bank Texas,* 6:21-cv-1058-ADA (W.D. Tex. Oct 12, 2021),

Unified is a non-party in each of the above-listed cases.

This Notice and Motion to Quash (the "Motion") is supported by the accompanying Memorandum of Points and Authorities in Support of Motion, the Declaration of Laurence M.

Sandell, all exhibits attached thereto, the Declaration of Kevin Jakel, and upon such other matters as may be properly presented to the Court.

The Motion is properly heard by this Court because the Northern District of California is a "court of compliance" pursuant to Federal Rule of Civil Procedure 45(d)(3). Specifically, Unified regularly conducts business in person at its office at 2150 N 1st St. Unit 441, San Jose, California 95131, which is within 100 miles of this Court's jurisdiction. Jakel Decl. ¶5. *See* FED. R. CIV. P. 45(c)(1)(A).

Dated: October 10, 2022

Respectfully submitted,

/s/ *Laurence M. Sandell*
Laurence Sandell (SBN 262186)
lsandell@meimark.com
Lei Mei (SBN 240104)
mei@meimark.com
MEI & MARK LLP
P.O. Box 65981
Washington, DC 20035-5981
Telephone: 888-860-5678
Facsimile: 888-706-1173

Manni Li (SBN 273984)
mli@meimark.com
Mei & Mark LLP
433 North Camden Drive, Suite 400
Beverly Hills, CA 90210
Telephone: 888-860-5678 ext. 713
Facsimile: 310-564-2769

Attorneys for
UNIFIED PATENTS, LLC

# TABLE OF CONTENTS

I.    Introduction ................................................................................................................. 1

II.   Statement of FACTS .................................................................................................... 5

      A.    Unified Patents and the '079 Patent IPR ......................................................... 5

      B.    The W.D. Texas Suits ...................................................................................... 6

      C.    Subpoena Requests .......................................................................................... 7

      D.    Meet and Confer ............................................................................................... 8

III.  LEGAL Standard .......................................................................................................... 9

IV.   Argument ...................................................................................................................... 9

      A.    Textile's Subpoenas Are Not Relevant to the Claims or Defenses of Any Party in
            the W.D. Texas Litigation and Is Unduly Burdensome ................................... 9

            1.    Textile's Proxy IPR Estoppel Theory is an Unpled Affirmative
                  Defense without basis in law or fact. ................................................. 10

            2.    Textile's Proxy IPR Estoppel Theories Are Not Legally Colorable
                  and Are Not Factually Supported by Anything Other than
                  Speculation ......................................................................................... 11

            3.    Textile has Not Taken Reasonable Steps to Avoid Imposing an
                  Undue Burden ..................................................................................... 13

      B.    Textile's Subpoenas Should Be Quashed Because They Demand Production of
            Information Available from Defendants Or Non-Parties that *Might* Have Close
            Business Relationships with Defendants ......................................................... 15

      C.    Textile's Subpoenas Should Be Quashed for Seeking Privileged and Highly
            Confidential Information ................................................................................. 16

      D.    Textile's Subpoenas Infringe Upon Unified's Right to Petition the Government ....... 18

V.    Conclusion .................................................................................................................. 18

# TABLE OF AUTHORITIES

**Cases**                                                             **Page**

*Applications in Internet Time, LLC v. RPX Corp.,*
 897 F.3d 1336 (Fed. Cir. 2018) ....................................................................... 12

*Beinin v. Ctr. for the Study of Popular Culture,*
 No. 06-cv-2298, 2007 WL 832962 (N.D. Cal. Mar. 16, 2007) ............................ 9, 16, 18

*Broadband iTV,. Inc. v. Hawaiian Telecom, et al.,*
 No. 15-mc-80053-HRL, 2015 WL 1778432 (ND. Cal. Apr. 17, 2015) ........... 4, 10, 15, 17

*Cal. Inst. of Tech. v. Broadcom Ltd.,*
 25 F.4th 976, 991 (Fed. Cir. 2022) ...................................................................... 10

*Chevron Corp. v. Donziger,*
 No. 13-mc-80038 CRB (NC), 2013 WL 1402727 (N.D. Cal. Apr. 5, 2013)............... 4, 18

*Dart Indus. Co., Inc. v. Westwood Chem. Co., Inc.,*
 649 F.2d 646 (9th Cir. 1980).................................................................................. 16

*Dropbox, Inc. v. Motion Offense, LLC,*
 No. 22-mc-80083-SVK, Dkt. No. 21 (N.D. Cal. Apr. 20, 2022)....................... 4, 9, 10, 16

*EON Corp. IP Holdings, LLC v. T-Mobile U.S., Inc.,*
 No. 12- CV-080082-LHK (PSG), 2012 WL 1980361, (N.D. Cal. June 1, 2012) ........... 10

*Fall Line Patents, LLC v. Unified Patents LLC.,*
 818 Fed. Appx. 1014 (Fed. Cir. 2020) ............................................................ 8, 13, 17

*Hall Data Sync Techs, LLC v. Apple Inc.,*
 No. 15-mc-80170-KAW, 2015 WL 4396349 (N.D. Cal. Jul. 17, 2015).. .............. 4, 10, 15

*Highfields Cap. Mgmt., L.P. v. Doe,*
 No. 4-cv-00176, 2005 U.S. Dist. LEXIS 29680 (N.D. Cal. May 31, 2005) ................... 14

*Kottle v. Northwest Kidney Ctrs.,*
 146 F.3d 1056 (9th Cir. 1998)................................................................................. 18

*McErlain v. Park Plaza Towers Owners Ass'n.,*
 No. 13-cv-03232, 2013 WL 6699730 (N.D. Cal. Dec. 19, 2013)..................................... 9

*Moon v. SCP Pool Corp.,*
 232 F.R.D. 633 (C.D. Cal. 2005) .......................................................................13-14

*Nidec Corp. v. Victor Co.,*
    249 F.R.D. 575 (N.D. Cal. 2007) ............................................................. 15

*Perry v. Schwarzenegger,*
    591 F.3d 1126 (9th Cir. 2009) ................................................................ 4

*Shell Oil Co. v. United States,*
    896 F.3d 1299 (Fed. Cir. 2018) ............................................................... 10

*Taylor v. Sturgell,*
    553 U.S. 880 (2008) ............................................................................. 12

*VirnetX, Inc. v. Apple Inc.,*
    No. 14-mc-80013 RS (NC), 2014 WL 6979427 (N.D. Cal. Mar. 21, 2014) ................... 10

*WesternGeco LLC v. Ion Geophysical Corp.,*
    889 F.3d 1308 (Fed. Cir. 2018) ............................................................... 12

*Wi-Fi One, LLC v. Broadcom Corp.,*
    887 F.3d 1329 (Fed. Cir. 2018) ............................................................11-12


**Other Authorities**

35 U.S.C. § 311 ......................................................................................... 5

35 U.S.C. § 315(b) ................................................................................. 5, 12

35 U.S.C. § 315(e)(2) ........................................................................... 5, 8, 10

37 C.F.R. § 42.8 ........................................................................................ 5

37 C.F.R. § 42.51(b)(1)(iii) ........................................................................... 17

California Evidence Code § 954 ....................................................................... 17

FED. R. CIV. P. 8(c)(1) ................................................................................ 10

FED. R. CIV. P. 26(b) ................................................................... 4, 9, 11, 15, 16

FED. R. CIV. P. 45(c) .................................................................................. 9

FED. R. CIV. P. 45(d) ..................................................................... 4, 9, 13-14, 16-18

U.S. CONST. amend. I. ................................................................................. 18

## I.    **INTRODUCTION**

Unified Patents, LLC ("Unified") comes before this Court seeking to quash eight (8) substantially identical third-party subpoenas (the "Subpoenas") issued by Textile Computer Systems, Inc. ("Textile") in eight related actions brought by Textile in the Western District of Texas (collectively, the "W.D. Texas suits"). The eight actions are patent infringement suits, brought against Broadway National Bank d/b/a Broadway Bank (6:21-cv-1050-ADA), Charles Schwab Bank (6:21-cv-1051-ADA), (Comerica Bank, 6:21-cv-1052-ADA), Frost Bank (6:21-cv-1053-ADA), Independent Bank (6:21-cv-1054-ADA), Southside Bank (6:21-cv-1056-ADA), Texas Capital Bank (6:21-cv-1057-ADA), and Vantage Bank Texas (6:21-cv-1058-ADA), respectively, (collectively, the "Defendants"; each a "Defendant") regarding U.S. Patent Nos. 8,505,079 (the "'079 patent"); 8,533,802 (the "'802 patent"); 9,584,499 (the "'499 patent"); 10,148,659 (the "'659 patent"); and 10,560,454 ("'454 patent) (collectively, the "Patents-In-Suit"). The W.D. Texas suits were filed on October 12, 2021. Unified is not a party to any of the eight W.D. Texas suits. *See* Sandell Decl., Exs. 2A-2H at ¶¶1-7. Further, Unified has no business relationship with any of the Defendants. Jakel Decl. at ¶¶2-3.

Unified was founded by intellectual property professionals over concerns with the increasing risk of non-practicing entities ("NPEs") asserting patents of poor quality against strategic technologies and industries. The founders thus created a first-of-its-kind company whose purpose is to protect technology sectors, also referred to as zones, by deterring the assertion of invalid or low-quality patents. Some companies in a technology sector, referred to herein as "Members," subscribe to one or more of Unified's technology-specific NPE zones. Members pay a yearly subscription fee to a specific NPE technology zone based generally on when each Member subscribes. *See* Sandell Decl., Ex. 7 at p.2; *see also NPE Zones*, UNIFIED PATENTS, unifiedpatents.com/npe (last visited October 3, 2022).

Pursuant to its deterrence mission, Unified will often challenge the validity of such patents in *inter partes* review ("IPR") proceedings before the Patent Trial and Appeal Board ("PTAB" or "Board"). On November 21, 2016, Unified filed such an IPR petition with respect to the '079 patent.

*See* Sandell Decl., Ex. 6. The parties to this IPR were Textile (the patent owner) and Unified (the petitioner). Unified certified that it was the sole real party in interest ("RPI"), and that no other party exercised or could have exercised control over Unified's participation in the IPR. *Id.* at p.73. Unified also filed voluntary interrogatory responses, where Unified attested that there were no communications between Unified and any entity other than its counsel "relating to the financing, preparation, editing, prior review, or approval" of the '079 patent IPR petition and that Unified had "sole and absolute discretion over its decision to contest patents through the USPTO's post-grant proceedings." *See* Sandell Decl., Ex. 7 at pp.3-4. On March 9, 2017, Textile filed its Patent Owner's Preliminary Response, wherein it argued that IPR proceedings should not be instituted—but did *not* argue or suggest (let alone provide any evidence) that Unified was not the only RPI. *See* Sandell Decl., Ex. 8. The PTAB instituted the proceeding, but ultimately did not cancel any claims of the '079 patent in its Final Written Decision. *See* Sandell Decl., Ex. 9.

Textile now seeks irrelevant and burdensome discovery from Unified, a non-party to the W.D. Texas suits, directed to all communications and contracts with the eight Defendants and nine non-party firms that Textile apparently assumes have a business relationship with the Defendants; highly confidential information about Unified's membership; and—without any limitations for attorney-client privilege—all of Unified's documents relating to the IPR, Textile, any patent owned by Textile, and any patent sharing an inventor with the '079 patent. All information that Textile seeks is not relevant to the W.D. Texas litigation, is of public record, could be equally obtained from either the Defendants or non-parties that are (assumed to be) directly connected to the Defendants, is privileged, and/or is highly confidential.

Thus, the Subpoenas should be quashed for the following reasons:

**First**, Textile has not, and cannot, advance any basis that reasonably warrants the requested discovery from Unified. Unified is not a party to the W.D. Texas litigation, and the Subpoena seeks information irrelevant to the W.D. Texas litigation. Specifically, to the extent that the IPR proceeding bears a relationship to any issue in the W.D. Texas litigation, it is with respect to Textile being estopped from taking positions contrary to those it asserted in the IPR proceedings. *See,* Sandell Decl.,

Ex. 3A at p. 25 (¶14), Ex. 3B at pp. 28-29 (Twelfth Defense), Ex. 3C at pp. 23-24 (¶13),  Ex. 3E at pp. 23-24 (¶14), Ex. 3F at pp. 23-24 (¶14), Ex. 3G at pp. 23-24 (¶14), Ex. 3H at pp. 24-25 (¶14). The IPR proceedings are presumably already in Textile's possession as it participated in such proceedings, and in any event are of public record.

There is nothing else of even alleged relevance—with the sole exception of Textile's fishing expedition to uncover facts to support its novel theory of IPR estoppel by proxy. Textile has not pled IPR estoppel in any of the eight W.D. Texas suits. Nonetheless, Textile has informed Unified that its IPR estoppel theory is that one or more Defendants may be considered to be (a) an unnamed RPI in Unified's IPR or directly in privity with Unified, or (b) otherwise indirectly in privity with Unified via an intermediary firm(s) with a business relationship(s) with a Defendant(s). However, Textile's proxy theory is legally baseless, and Textile's counsel has been unable to provide even a single case in support.

Moreover, at least part (a) of Textile's theory is factually impossible as Unified does not have a business relationship with any of the Defendants. Further, Unified developed the positions advanced in its IPR petition and prosecuted the IPR completely independent of any other party, including its members. Unified attaches its voluntary interrogatory responses (verified by CEO Kevin Jakel), filed with its IPR Petition to this Motion, to again confirm that Unified, alone, independently analyzed the '079 patent and prior art and decided to both file and how to litigate the IPR. *See* Sandell Decl., Ex. 7.

***Second,*** the Subpoena improperly seeks information that Textile could seek directly from Defendants and/or non-parties that *might* have direct business relationships with the Defendants. Unified's extraordinarily attenuated relationship with the W.D. Texas suits—that a non-party firm that *might* also be a member of Unified *might* also have a business relationship with the Defendants—is an unreasonable basis for non-party discovery. Even assuming, *arguendo*, that Textile's IPR estoppel theory was pled (it was not) or is legally colorable (it is not), the documents relevant to such theory would be in possession of the Defendants or the non-party firms that actually have a(n assumed) business relationship with the Defendants.

***Third***, Textile's Subpoena improperly seeks Unified's privileged and highly confidential information. Textile seeks <u>all</u> documents related to the IPR of the '079 patent, <u>all</u> documents related to Textile, <u>all</u> documents related to the inventor of the '079 patent, <u>all</u> documents related to any patent or patent application owned by Textile, and <u>all</u> documents related to any patent or patent application that lists a common inventor with the'079 patent. This inherently includes Unified's internal communications, legal strategies, and related correspondence with its in-house and outside counsel. Such information is clearly privileged and protectable under Unified's attorney-client and/or work product privilege. Further, Textile seeks the identities of <u>all</u> of Unified's members—highly confidential information—and does so without any articulated basis, and without any limitation based on time or scope. Sandell Decl., Exs. 1A-1H at p.5 (Schedule A: Nos. 3). To the extent such information is relevant to an issue in any of the eight W.D. Texas suits (it is not), it could and should be obtained through less burdensome means, including public sources (*e.g.*, the PTAB's public IPR docket), the Defendants, or *at most* non-parties that (unlike Unified) have direct relationships with the Defendants.

***Finally***, enforcing the Subpoena would intrude into Unified's First Amendment right to petition the government. For such an intrusion to be warranted, the subpoena must be highly relevant to the W.D. Texas suits and carefully tailored. *See Chevron Corp. v. Donziger*, No. 13-mc-80038 CRB (NC), 2013 WL 1402727, at *5 (N.D. Cal. Apr. 5, 2013) (quoting *Perry v. Schwarzenegger*, 591 F.3d 1126, 1140–41 (9th Cir. 2009)). Textile's Subpoenas are neither.

Accordingly, Unified should not be burdened with these Subpoenas, and the Court should quash Textile's Subpoena in its entirety pursuant to Federal Rules of Civil Procedure 45(d) and 26(b). Textile's Subpoenas should be quashed.[1]

---

[1] This Court has quashed similar subpoenas issued to Unified. *See*, e.g., Order Granting Motion to Quash, *Dropbox, Inc. v. Motion Offense, LLC*, No. 22-mc-80083-SVK, Dkt. No. 21 (N.D. Cal. Apr. 20, 2022); *Hall Data Sync Techs, LLC v. Apple Inc.*, No. 15-mc-80170-KAW, 2015 WL 4396349 (N.D. Cal. Jul. 17, 2015) (Order Granting Motion to Quash); *Broadband iTV,. Inc. v. Hawaiian Telecom, et al.*, No. 15-mc-80053-HRL, 2015 WL 1778432 (ND. Cal. Apr. 17, 2015) (Order Granting Motion to Quash Subpoenas Issued [to Unified] by Broadband iTV, Inc.)

II.     **STATEMENT OF FACTS**

A.      **Unified Patents and the '079 Patent IPR**

As discussed above, Unified attempts to deter abusive and/or bad-faith NPE patent litigation in various technology zones. Unified independently performs many NPE- deterrent activities, such as analyzing each technology zone and monitoring patent activity (including patent ownership and sales, NPE demand letters and litigation, and industry companies). Unified's deterrence activities include identifying patents, performing prior art research, analyzing patent invalidity, and sometimes filing reexaminations or IPRs against certain patents. *See* Sandell Decl., Ex. 7.

On November 21, 2016, Unified filed an IPR petition with the PTAB challenging the validity of certain claims of the '079 patent. *See* Sandell Decl., Ex. 6. As the Court knows, an IPR is a statutorily-authorized proceeding where a party requests that the USPTO cancel one or more claims of an issued patent. *See* 35 U.S.C. § 311. When filing an IPR, the petitioner must identify each real party in interest. 37 C.F.R. § 42.8. This is because "an *inter partes* review may not be instituted if the petition requesting the proceeding is filed more than 1 year after the date on which the petitioner, real party in interest, or privy of the petitioner is served with a complaint alleging infringement of the patent." 35 U.S.C. § 315(b). Additionally, when an IPR results in a Final Written Decision, the petitioner, real party in interest, or privy of the petitioner may not assert in a civil action that any of the claims of the patent are invalid "on any ground that the petitioner raised or reasonably could have raised during that *inter partes* review." 35 U.S.C. § 315(e)(2).

In support of its IPR petition, Unified certified that it was the *sole* RPI for the IPR proceeding. Sandell Decl., Ex. 6 at 5. As an exhibit to its IPR petition, Unified also provided voluntary discovery that confirms Unified is the *sole* real party in interest. *See* Sandell Decl., Ex. 7. Textile responded to the IPR petition on March 9, 2017, arguing that the PTAB should not institute the IPR, but declining to dispute that Unified was the sole RPI. *See* Sandell Decl., Ex. 8.

The PTAB instituted IPR2017-0029 over Textile's objections, but ultimately found that Unified had not established that any claim of the '079 patent was invalid. Sandell Decl., Ex. 9 at, *e.g.*, 28.

1

### B. The W.D. Texas Suits

2

On October 12, 2021, Textile filed eight patent infringement complaints against eight

3

Defendant banks in the United States District Court for the Western District of Texas. Sandell Decl.,

4

Exs. 2A-2H. Unified is not a party to any of the W.D. Texas suits. *Id.* at ¶¶1-7. All eight cases are

5

related, and are being litigated together, at least in part. *E.g.,* Sandell Decl., Ex. 1A at pp.6-8 (header

6

for Protective Order signed by the Honorable Judge Alan D. Albright).

7

Textile's eight Complaints make substantially identical allegations against each of the

8

Defendants. *See generally* Sandell Decl., Exs. 2A-2H. The IPR is addressed in one paragraph (out of

9

160 or more paragraphs) within each respective Complaint—and within the background

10

"Technology" section of Textile's pleadings. The IPR paragraph  is reproduced below, in full:

11

20. One of the asserted patents, the 079 Patent, was challenged in an

12

Inter Partes Review proceeding before the Patent and Trademark Office

13

("PTO"). The PTO found that the challenger, Unified Patents Inc., was

14

unable to show that one element, the "key string" as claimed in the 079

15

Patent claims and as construed by the PTO, was in the prior art at all,

16

much less it being conventional or widespread. The PTO thus

17

confirmed the patentability of all challenged claims of the 079 Patent.

18

Sandell Decl., Ex. 2A-2H at ¶20. None of Textile's Counts of Asserted infringement incorporate the

19

allegations of the ¶20 by reference or otherwise. Consistent with Unified's representations that it was

20

the sole RPI in the IPR, almost all the Defendants' pled in their Answers that they did not participate

21

in the IPR. Sandell Decl., Ex. 3A at p. 5 (¶20), Ex. 3C at pp. 4-5 (¶20), Ex. 3E at pp. 5 (¶20), Ex. 3F

22

at pp. 5 (¶20), Ex. 3G at pp. 5 (¶20), Ex. 3H at p. 5 (¶20).

23

Notably, all the Defendants asserted a counterclaim that the '079 patent was invalid in view of

24

the prior art. Sandell Decl., Ex. 3A at p. 31-32 (¶¶12-14), Ex. 3B at pp. 31 (¶¶11-14), Ex. 3C at pp.

25

30-31 (¶¶12-14), Ex. 3D at pp. 17 (¶¶9-12), Ex. 3E at pp. 29 (¶¶8-11), Ex. 3F at pp. 29-31 (¶¶12-14),

26

Ex. 3G at pp. 29-31 (¶¶12-14), Ex. 3H at pp. 29-31 (¶¶12-14). In its Answers to the Defendants'

27

respective counterclaims, Textile did <u>not</u> raise IPR estoppel as a potential defense to the pled

28

counterclaim of invalidity of the '079 patent. Sandell Decl., Ex. 4A at ¶¶12-14, Ex. 4B at ¶¶11-14, Ex. 4C at ¶¶12-14, Ex. 4D at ¶¶9-12,  Ex.4E at ¶¶8-11, Ex. 4F at ¶¶12-14, Ex. 4G at ¶¶12-14,  Ex. 4H at ¶¶12-14.

### C.  Subpoena Requests

On September 12, 2022, Unified received service of Textile's eight, substantially-identical Subpoenas, each dated September 7, 2022. *See* Sandell Decl., Exs. 1A-1H at p.1. The Subpoenas seek overly broad, burdensome, disproportionate, and irrelevant document discovery from nonparty Unified. Specifically, Textile seeks five categories of documents—all unbounded by time, context, or even whether communications might be privileged. *Id.* at p.5 (Schedule A). The five categories of requested documents generally fall into three groups:

1.  Unified's communications, transactions, and agreements (to the extent they exist) with (a) any of the eight Defendants and (b) any of the nine non-parties that Textile apparently assumes have business relationships with at least one of the Defendants. *Id.*[2]

2.  Highly confidential information regarding <u>all</u> of Unified's members—including those who are neither Defendants nor firms assumed to have business relationships with at least one of the Defendants. *Id.*[3]

3.  <u>Any and all</u> communications and documents "relating to" Textile, the inventor of the '079 Patent, the IPR, or patents or patent applications owned by Texile or sharing an inventor with the '079 patent—<u>regardless of privilege status</u>. *Id.*[4]

Unified objects to the Subpoenas on multiple applicable grounds, including that the requests

---

[2]"1. Contracts and communications with defendant(s), American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung.
2. Documents sufficient to identify meetings, and documents used or exchanged during meetings, with defendant(s), American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung."

[3]"3. Documents sufficient to identify your members.
4. Documents sufficient to identify your members who have subscribed to each of the following zones: content, cloud, transactions, retail, mobile, cybersecurity, open source, and networking."

[4]"5. Communications and other documents relating to Textile, Gopal Nandakumar, any patent or patent application owned by Textile or for which Mr. Nandakumar is a named inventor, or the inter partes review of U.S. Patent No. 8,505,079."

seek: (1) disproportionate and/or legally irrelevant information; (2) information that could be discovered from Defendants or non-parties that *might* actually have business relationships with Defendants; (3) information protected by privilege and/or is Unified's highly confidential business information; (4) publicly available information that Unified produced in Unified's IPR.

### D.    <u>Meet and Confer</u>

As required by the Court's Local Rule 37-1, counsel for the parties have met and conferred to attempt to resolve this dispute. During the conference on September 20, 2022, Unified requested that Textile identify the W.D. Texas litigation claim(s) and/or defense(s) issue it purports are germane to the Subpoenas. Sandell Decl. ¶ 12. Unified also explained that none of the Defendants in the W.D. Texas suits were Unified members. *Id.; see also* Jakel Decl. at ¶¶2-3. In response, Textile identified its theory that the Defendants may be estopped from asserting invalidity of the patent in view of the IPR pursuant to 35 U.S.C. § 315(e)(2). More specifically, Textile relayed its contention that one or more Defendants may be considered to be (i) an unnamed RPI in Unified's IPR, (ii) directly in privity with Unified, or (iii) otherwise indirectly in privity with Unified via an intermediary firm(s) with a business relationship(s) with a Defendant(s). Unified requested any authority that Textile was relying upon in support of its novel theory of IPR estoppel, but Textile could not identify any. Sandell Decl. ¶ 12.

In further email correspondence between the parties, on October 3, 2022, Unified reiterated its positions, its request for withdrawal of the Subpoenas, and its request for authority in support of the novel IPR estoppel theory. Ex. 10 at 2-3. Textile responded by refusing to withdraw the Subpoenas, reiterating its positions, and identifying authority that it is relying upon, namely, *Fall Line Patents, LLC v. Unified Patents LLC*, 818 Fed. Appx. 1014,  1018, n. 1 (Fed. Cir. July 28, 2020), *vacated,* 141 S. Ct. 2843 (2021). Ex. 10 at 1-2.

Concurrent with the filing of this motion, Unified is serving Textile with responses and objections to the Subpoenas. *See* Sandell Decl., Ex. 5. Unified now respectfully requests this Court to quash the Subpoenas.

III.   **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 45, a party served with a subpoena must move to quash the subpoena in "the court for the district where compliance is required." FED. R. CIV. P. 45(d)(3)(A).[5] A court must quash a subpoena where the subpoena "requires disclosure of privileged or other protected material" or "subjects a person to undue burden." FED. R. CIV. P. 45(d)(3)(A)(iii), (iv). A court must limit discovery if it is duplicative or could be obtained from a more convenient or less burdensome source. *McErlain v. Park Plaza Towers Owners Ass'n*, No. 13-cv-03232, 2013 U.S. 2013 WL 6699730 at *2 (N.D. Cal. Dec. 19, 2013). Moreover, a court may quash a subpoena where the subpoena requires "disclosing a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B)(i). "On a motion to quash a subpoena, the moving party has the burden of persuasion under Rule 45(d)(3), but the party issuing the subpoena must demonstrate that the discovery sought is relevant." *Dropbox,* No. 22-mc-80083-SVK, Dkt. No. 21, at *2 (N.D. Cal. April 20, 2022) (internal punctuation, citations omitted).

IV.   **ARGUMENT**

A.   **Textile's Subpoenas Are Not Relevant to the Claims or Defenses of Any Party in the W.D. Texas Litigation and Is Unduly Burdensome**

Textile's Subpoenas seek irrelevant documents and should be quashed. *See* FED. R. CIV. P. 26(b)(1) (discovery is limited to matters "relevant to any party's claim or defense"); *see also Beinin v. Ctr. for the Study of Popular Culture*, No. 06-cv-2298, 2007 WL 832962, at *2  (N.D. Cal. Mar. 16, 2007) (stating that the FED. R. CIV. P. 26(b)(1) relevancy standard also applies to third-party subpoenas).

Despite that none of the Defendants are members of Unified, Textile's Subpoenas unreasonably demand that Unified provide documents on broad categories of information. None of the requested information, however, is relevant to any of the claims and defenses at issue in the W.D.

---

[5] The Subpoenas identify the place where compliance is required as Waco, Texas. *See* Sandell Decl., Exs. 1A-1H at 2. As noted above, jurisdiction is proper in this Court as Unified "regularly transacts business in person" within 100 miles of this Court's jurisdiction. FED. R. CIV. P. 45(c)(1)(A); Jakel Decl. ¶5.

1   Texas suits. The Ninth Circuit and this district's precedent is clear that "the party issuing the

2   subpoena [to a nonparty] must demonstrate that the information sought is relevant and material to the

3   allegations and claims at issue in the proceedings." *E.g., EON Corp. IP Holdings, LLC v. T-Mobile*

4   *U.S., Inc.,* No. 12- CV-080082-LHK (PSG), 2012 WL 1980361, at *1 (N.D. Cal. June 1, 2012). This

5   Textile cannot do.

6        This Court has quashed similar subpoenas served on Unified by other NPEs for being

7   irrelevant to the claims or defenses of any party in the litigation. *E.g.*, *Hall Data Sync*, 2015 WL

8   4396349 (N.D. Cal. Jul. 17, 2015) (rejecting the contention "that if Unified is permitted to withhold

9   this information, its member Defendants could improperly assert invalidity, based on the same prior

10  art, before the PTAB and the District Court, thereby contravening the estoppel provisions of 35 U.S.C.

11  § 315(e)(2)"… "Courts in this district have granted motions to quash where the propounding party

12  advances this theory of relevance."); *Broadband,* 2015 WL 1778432, at *3 ("Whether any Defendant

13  is a Unified member, however, is not relevant. In addition, this information, if the trial court deems it

14  discoverable, can be sought from Defendants, who are parties to the litigation, rather than burdening

15  non-parties."); *Dropbox,* No. 22-mc-80083-SVK, Dkt. No. 21; *see also VirnetX, Inc. v. Apple Inc.*,

16  No. 14-mc-80013 RS (NC), 2014 WL 6979427 (N.D. Cal. Mar. 21, 2014) (quashing a third-party

17  subpoena seeking information about IPRs filed by RPX because the information sought was

18  irrelevant to the underlying case). It should do the same here.

19      1.   <u>Textile's Proxy IPR Estoppel Theory is an Unpled Affirmative Defense</u>
        <u>without basis in law or fact.</u>

20       As an initial and dispositive matter, "the IPR estoppel" that Textile purports to assert is not at

21  issue in any of the W.D. Texas suits. *See* Sandell Decl., Ex. 10 at 1 (Textile reciting alleged

22  relevance). IPR estoppel, codified at 35 U.S.C. 315(e)(2), is, as its name signifies, a form of estoppel.

23  *E.g., Cal. Inst. of Tech. v. Broadcom Ltd.,* 25 F.4th 976, 991 (Fed. Cir. 2022) (addressing "the scope

24  of statutory estoppel under § 315(e)(2)."). The Federal Rules expressly provide that, "[i]n responding

25  to a pleading, a party must affirmatively state any avoidance or affirmative defense, including …

26  estoppel." FED. R. CIV. P. 8(c)(1). And, "[t]he failure to plead an affirmative defense can result in

27  waiver." *Shell Oil Co. v. U.S.*, 896 F.3d 1299, 1315 (Fed. Cir. 2018)(internal punctuation omitted).

28

Here, underline every single one of the eight Defendants asserted a "Counterclaim for Declaratory Judgment of Invalidity of U.S. Patent No. 8,505,079." Sandell Decl., Ex. 3A at p. 31-32 (¶¶12-14), Ex. 3B at pp. 31 (¶¶11-14), Ex. 3C at pp. 30-31 (¶¶12-14), Ex. 3D at pp. 17 (¶¶9-12), Ex. 3E at pp. 29 (¶¶8-11), Ex. 3F at pp. 29-31 (¶¶12-14), Ex. 3G at pp. 29-31 (¶¶12-14), Ex. 3H at pp. 29-31 (¶¶12-14). In its corresponding and substantially identical counterclaim answer pleadings, Textile denied Defendants' invalidity allegations, but entirely declined to plead the affirmative defense of IPR estoppel. Sandell Decl., Ex. 4A at ¶¶12-14, Ex. 4B at ¶¶11-14, Ex. 4C at ¶¶12-14, Ex. 4D at ¶¶9-12, Ex.4E at ¶¶8-11, Ex. 4F at ¶¶12-14, Ex. 4G at ¶¶12-14,  Ex. 4H at ¶¶12-14. Accordingly, before even turning to legal, factual, and relevancy defects of Textile's attenuated theories of IPR estoppel, it is clear that Textile's unpled IPR estoppel allegations are not "relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). In other words, as a matter of law, Textile's own pleadings establish the irrelevance of Textile's only asserted ground of relevance.

2.      Textile's Proxy IPR Estoppel Theories Are Not Legally Colorable and Are Not Factually Supported by Anything Other than Speculation

In asserting relevance of its document requests, Textile alleges:

> IPR estoppel applies in our actions to the extent that any defendant was
>
> a Real Party in Interest for the 079 IPR, or a privy of a Real Party in
>
> Interest. We contend that Unified's members (or at least its members of
>
> relevant zones) are the RPIs for the 079 IPR. We also contend that the
>
> defendants in our actions are either RPIs or privies of Unified.

Ex. 10 at 1. Yet, as noted above, none of the Defendants in the W.D. Texas suits are members of Unified or have a business relationship with Unified. Jakel Decl. at ¶¶2-3. In view of this, there is simply no plausible factual scenario where any of the Defendants could be a direct privy of Unified. *See, e.g., Wi-Fi One, LLC v. Broadcom Corp.*, 887 F.3d 1329, 1335 (Fed. Cir. 2018) ("The use of the familiar common law terms 'privy' and 'real party in interest' indicate that Congress intended to adopt common law principles to govern …. ").

This leaves Textile with the legally and factually dubious sub-theories that either (a) the Defendants are RPIs in the '079 IPR and (b) Unified's Members are RPIs or privies and the

Defendants are the Members' privies by virtue of some assumed business relationships (for which Unified lacks awareness).

"Determining whether a non-party is a 'real party in interest' demands a flexible approach that takes into account both equitable and practical considerations, with an eye toward determining whether the non-party is a clear beneficiary that has a preexisting, established relationship with the petitioner." *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1351 (Fed. Cir. 2018) (emphasis added). Here, none of the Defendants in the W.D. Texas suits has the requisite relationship with Unified. Unified Decl. at ¶¶2-3. Ergo, they cannot be RPIs. Thus, Textile's sub-theory (a)—that Defendants are somehow RPIs despite their lack of membership in Unified or any business relationship with Unified—can and should be dismissed out of hand. Moreover, as discussed in further detail below, to the extent that this sub-theory (a) is colorable (it is not), Textile can and should seek such discovery from parties-in-suit, namely the Defendants.

Textile's sub-theory (b) effectively requires (i) a collateral litigation to prove whether a Unified Member is an RPI and (ii) establishment of privity relationships between Defendants and non-parties American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and/or Samsung.

Establishing (ii) such privity relationships is an exceedingly high hurdle for Textile.[6] It "requires proof that [the Defendant(s)] had sufficient control over the prior [IPR] proceeding that it could be bound by the results of that proceeding." *Wi-Fi One.*, 887 F.3d at 1340.[7] Textile simply

---

[6] *See WesternGeco LLC v. Ion Geophysical Corp.*, 889 F.3d 1308, 1319 (Fed. Cir. 2018) ("[I]importantly, the reach of privity cannot extend beyond the limits of due process. In *Taylor v. Sturgell*, [553 U.S. 880, 894 (2008)] the Supreme Court observed that a person who was not a party to a suit generally has not had a 'full and fair opportunity to litigate' the claims and issues settled in that suit.").

[7] "On the issue of privity, the Board reasonably concluded that the evidence failed to show that Broadcom had sufficient control over the district court litigation to justify treating Broadcom as a virtual party to that proceeding. In applying the privity requirement of section 315(b), the Board has stated that the inquiry typically requires proof that the party in question had sufficient control over the prior proceeding that it could be bound by the results of that proceeding."

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

cannot meet this hurdle. As explained in detail in Unified's voluntary interrogatory responses in the IPR—which Textile did not dispute, Unified has sole and absolute discretion over its decision to contest patents through the USPTO's post-grant proceedings, including IPRs, and whether to terminate those proceedings. Sandell Decl., Ex. 7. Unified independently monitors patent activity to identify poor-quality patents that may potentially be or are already being asserted by NPEs, analyzes the identified patents and the prior art, and determines whether to file an IPR petition. *Id.* None of Unified's members are consulted prior to Unified's decision to file an IPR petition. *Id.* Unified controls every aspect of the litigation, from the initial decision to seek review through the end of the proceeding, including any decision to terminate. *Id.* Unpled sub-theory (b) is meritless.[8]

Furthermore, even assuming, *arguendo*, evidence supporting (ii) privity between Defendants and the listed firms did exist, it would be in the possession of the Defendants and the non-party firms with alleged business relationships. Unified is the wrong entity to seek such information from.

Ultimately, the only authority that Textile had been able to muster in purported legal support of its attenuated, unpled preclusion theories is a footnote indicating that—<u>during an IPR proceeding</u>, it is important for the Board to conduct a critical assessment of "the real party-in-interest issue" because such determinations are not reviewable. *Fall Line Patents*, 818 Fed. Appx. at 1018, n. 1  (Fed. Cir. July 28, 2020); *See* Sandell Decl., Ex. 10 at 1. Yet, as noted above, Textile entirely declined to contest Unified's evidence-backed assertion that Unified was the sole RPI uncontested in the IPR of the '079 Patent. *See* Sandell Decl., Ex. 8.

        3.    <u>Textile has Not Taken Reasonable Steps to Avoid Imposing an Undue Burden</u>

Textile's Subpoenas should also be quashed because they impose an unjustified burden on Unified. *See* FED. R. CIV. P. 45(d)(3)(A)(iv); *see also Moon v. SCP Pool Corp.*, 232 F.R.D. 633,

---

[8] The question of whether (i) the non-party firms (American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and/or Samsung) are RPIs to non-party Unified's IPR is entirely academic—and irrelevant—unless and until Textile can offer some non-speculative basis that (ii) any of the Defendants are in privity with the non-party firms listed in Textile's Subpoenas. And even if question (i) somehow becomes relevant, the thorny collateral litigation issues inherent in the would-be adjudication of whether a non-party is an RPI to another non-party's IPR raise substantial and complex burdens on Unified. *See* FED. R. CIV. P. 45(d)(3)(A)(iv).

637 (C.D. Cal. 2005) (stating that courts consider "such factors as relevance, the need of the party for the documents, the breadth of the document requested, the time period covered by it, the particularity with which the documents are described and the burden imposed" when deciding whether a subpoena is unduly burdensome. (citation omitted)). In addition to being irrelevant, Textile's requests will impose an entirely unjustified burden on Unified if not quashed. Unified will be forced to expend dozens of hours, if not more, searching for documents; and reviewing and logging attorney-client and/or work product privileged documents. Indeed, Textile demands that Unified "serve a privilege log" if it intends to withhold its privileged documents. *See* Sandell Decl., Ex. 10 at 2.

Despite purporting to "seek[] a targeted set of documents," Textile issued Subpoena requests that are unreasonably broad and burdensome. *See* Sandell Decl., Ex. 1A-1H at p.1. For example, without bounding the requests in time or scope, Textile seeks <u>all</u> contracts, documents, and communications, as well as the identification of <u>all</u> meeting and exchanged documents with the Defendants <u>and</u> non-parties American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung. *Id.* at p.5 (requests 1 and 2). Textile also demands that Unified reveal <u>all</u> its members, without any time limitation—including those members that do <u>not</u> subscribe to the technology "zones" that might arguably be relevant to the'079 patent. *Id.* (requests 3 and 4). Further, Textile asks for <u>every</u> document within Unified's possession that bears <u>any</u> relation to Textile, its patents and patent applications, the '079 patent's inventor, or any of his patents or patent applications. *Id.* (request 5). None of these requests are even colorably targeted to Textile's unpled and dubious theories of IPR estoppel by proxy. This is not reasonably targeted third-party discovery, but a harassing, burdensome fishing expedition.

Textile's unreasonably broad requests show that it has not taken "reasonable steps to avoid imposing undue burden or expense" on Unified. FED. R. CIV. P. 45(d)(1); *see also Highfields Cap. Mgmt., L.P. v. Doe*, No. 4-cv-00176, 2005 U.S. Dist. LEXIS 29680, at *4-5 (N.D. Cal May 31, 2005.) (holding that "[t]he authorities make it clear that a finding that [a] party . . . secured a subpoena in bad faith, or for an improper purpose (e.g. merely to harass or annoy . . . the target of the subpoena . . .) … would be a sufficient basis for concluding that a party had breached its duty under

Rule 45(c)."). The Subpoenas should be quashed.

### B. <u>Textile's Subpoenas Should Be Quashed Because They Demand Production of Information Available from Defendants Or Non-Parties that *Might* Have Close Business Relationships with Defendants</u>

Textile's Subpoenas demand that Unified produce "[c]ontracts and communications <u>with defendant(s)</u>" and "[d]ocuments sufficient to identify meetings, and documents used or exchange during meetings, <u>with defendant(s)</u>." Sandell Decl., Ex. 1A-1H at p.5 (Schedule A: requests 1 & 2)(emphasis added). To the extent this information exists and is relevant (it is not), this information can be easily obtained from Defendants—parties to the W.D. Texas suits—rather than burdening non-party Unified. *See Nidec Corp. v. Victor Co.*, 249 F.R.D. 575, 577 (N.D. Cal. 2007) ("There is simply no reason to burden nonparties when the documents sought are in the possession of the party defendant."); *Broadband*, 2015 WL 1778432 at *3 ("Whether any Defendant is a Unified member, however, is not relevant. In addition, this information, if the trial court deems it discoverable, can be sought from Defendants, who are parties to the litigation, rather than burdening non-parties."); *see Hall Data Sync*, 2015 WL 4396349, at *4 (quashing a subpoena requested from Unified in part because "Unified should not be burdened with discovery" that the requesting party could receive from the other party in the litigation). Because it would be much more "convenient" and "less burdensome" for Textile to seek this information from sources other than Unified, namely the Defendants in the W.D. Texas suits, Textile's Subpoenas should be quashed. FED. R. CIV .P. 26(b)(2)(C)(i).

Textile also demands all contracts, communications, and meetings with non-party firms that Textile apparently assumes have close business relationships with the Defendants—American Express, Discover, Visa, Mastercard, Jack Henry, Fiserv, Apple, Google, and Samsung. Ex. 1A-1H at p. 5 (requests 1 & 2). To the extent this information exists and is relevant (it is not), it can be easily obtained from the Defendants or the allegedly Defendant-linked non-parties rather than from Unified. Textile has offered nothing but assumptions that these business relationships exist, let alone that such business relationships could possibly rise to the extremely high bar of privity. Yet, to the extent that Textile can offer a factual basis for privity between the Defendants and these non-party firms, Textile

1   would correspondingly show that such firms have extremely close legal ties with their respective

2   Defendant-privies. By contrast, Unified has no business relationship with any of the Defendants.

3   Jakel Decl. at ¶¶2-3. Thus, logic and fairness would counsel that non-parties with alleged privity

4   relationships with Defendants should bear discovery burdens instead of an unaffiliated non-party—

5   Unified. *See Dropbox,* No. 22-mc-80083-SVK, Dkt. No. 21, at *4 (quashing a subpoena directed to

6   nonparty Unified when the moving party had "obviously a more convenient source from which to

7   obtain the discovery").

8       **C.     Textile's Subpoenas Should Be Quashed for Seeking Privileged and Highly**
            **Confidential Information**

9

10          Any information regarding Unified's views of the '079 patent—let alone regarding Textile's

11   other patents, including those not at issue in the W.D. Texas suits (which Textile also seeks (request

12   5))—is not only irrelevant but, other than Unified's publicly filed IPR petition and dismissal, is also

13   privileged in its entirety. A court must quash a subpoena that "requires disclosure of privileged or

14   other protected matter." FED. R. CIV. P. 45(d)(3)(A)(iii). Additionally, non-parties are entitled to

15   greater protections from overly broad discovery requests in order to prevent "harassment,

16   inconvenience, or disclosure of confidential documents." *Beinin*, 2007 WL 832962 at *2 (citing *Dart*

17   *Indus. Co., Inc. v. Westwood Chem. Co., Inc.*, 649 F.2d 646, 649 (9th Cir. 1980)). Both of these

18   grounds apply here.

19          Textile's irrelevant request 5—which seeks <u>every</u> communication or document within

20   Unified's possession "relating to" Textile, <u>any</u> of its patents and patent applications, the '079's

21   inventor, or <u>any</u> of his patents or patent applications—inherently seeks privileged information from

22   Unified. Sandell Decl., Exs. 1A-1H at p.5. While Unified's communications with its members about

23   these matters would not be privileged, Unified has verified that it does <u>not</u> communicate with its

24   members on specific individual IPRs and patent assessments in Unified's voluntary interrogatories

25   filed in the IPR. Sandell Decl., Ex. 7; *see also* Ex. 10 at p. 1. And, while the IPR documents that

26   Unified filed with the PTAB are not privileged, they are publicly available—and, already in Textile's

27   possession to boot (by virtue of Textile's participation in the IPR as patent owner). *See* FED. R. CIV.

28   P. 26(b)(2)(C)(i) (barring demands for duplicative information).

What is left in Textile's request no. 5 is Unified's internal communications, legal assessments, and legal strategies pertaining to Textile's patents and patent applications—effectively all of which are privileged and confidential. Even assuming that such documents might be relevant to any issue in dispute in the W.D. Texas suits (they are not), Textile simply has no right to them. *Broadband iTV*, 2015 WL 1778432, at *3 ("[B]oth work product and attorney-client privilege apply to Unified and Jakel's communications, strategies, and actions in the IPR proceeding."); California Evidence Code § 954 ("[T]he client, whether or not a party, has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer."). The work product and attorney client privilege apply equally to IPR proceedings. *See* 37 C.F.R. § 42.51(b)(1)(iii) ("This requirement does not make discoverable anything otherwise protected by legally recognized privileges such as attorney-client or attorney work product.").

A court may quash a subpoena that requires a party to disclose "a trade secret or other confidential research, development, or commercial information." FED. R. CIV. P. 45(d)(3)(B)(i). Textile's requests 3 and 4 demand that Unified reveal the entirety of its membership and Requests 1 and 2 demand all communications and contracts with certain non-parties, which may reveal some of the same and/or related confidential information. Sandell Decl., Exs. 1A-1H at p. 5. As this Court has previously held, "Unified's relationship with its members, membership list, and terms of its agreements with its members are confidential information." *Broadband,* 2015 WL 1778432, at *3 (N.D. Cal. Apr. 17, 2015); Jakel Decl. at ¶4. While Textile argues that the protective order in the W.D. Texas suits would prevent any potential harm to Unified from such revelation of confidential materials, this is not the case here. *See* Sandell Decl., Ex. 10 at p.1. Textile's outside litigation counsel that served the Subpoenas on Unified—Antonelli, Harrington & Thompson LLP—regularly represents NPE-patent owners in other *inter partes reviews* that Unified files. *See e.g., Fall Line Patents*, 818 Fed. Appx. 1014. There is nothing to prevent this firm from utilizing Unified's confidential membership lists and other confidential information—even inadvertently—in its other representations of NPEs.

Accordingly, Textile's Subpoenas should additionally be quashed for the additional reasons

that they require "disclosure of privileged or other protected matter" and "trade secret or other confidential research, development, or commercial information," and to prevent "harassment, inconvenience, or disclosure of confidential documents." FED. R. CIV. P. 45(d)(3)(B)(i), (A)(iii); *e.g.*, *Beinin*, 2007 WL 832962, at *2.

### D.  <u>Textile's Subpoenas Infringe Upon Unified's Right to Petition the Government</u>

Finally, Textile's Subpoenas should be quashed because they violate Unified's right to petition the government. The First Amendment provides that "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. CONST. amend. I. Petitioning an administrative agency is constitutionally protected conduct. *See Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1059-60 (9th Cir. 1998).

Textile has admitted that it served its Subpoenas in view of Unified's IPR petition. Ex. 10 at p.1. Indeed, Textile seeks all "[c]ommunications and other documents relating to … the inter partes review of U.S. Patent No. 8,505,079. Exs. 1A-1H at Schedule A. If a non-party to a litigation was required to disclose why it filed an IPR petition and who was involved in the filing and or termination of a petition—as Textile implicitly seeks here—parties would be discouraged from filing IPRs.

Under the circumstances here, unless Textile's Subpoenas are quashed, Unified's protected right to petition the government would be violated. *E.g., Chevron Corp.*, 2013 WL 1402727, at *5. Textile's Subpoenas are neither.

### V.  <u>CONCLUSION</u>

For the above reasons, Unified respectfully requests that the Court quash the Textile Subpoenas in their entireties.

1

Dated: October 10, 2022                      Respectfully submitted,

2
                                             */s/ Laurence M. Sandell*
                                             Laurence M. Sandell (SBN 262186)
3                                            lsandell@meimark.com
                                             Lei Mei (SBN 240104)
4                                            mei@meimark.com
                                             MEI & MARK LLP
5                                            P.O. Box 65981
                                             Washington, DC 20035-5981
6                                            Telephone: 888-860-5678
                                             Facsimile: 888-706-1173
7

8                                            Manni Li (SBN 273984)
                                             mli@meimark.com
9                                            Mei & Mark LLP
                                             433 North Camden Drive, Suite 400
10                                           Beverly Hills, CA 90210
                                             Telephone: 888-860-5678 ext. 713
11                                           Facsimile: 310-564-2769
12
                                             Attorneys for
13                                           UNIFIED PATENTS, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that I have served counsel of record electronically via email Textile's counsel (Matt Antonelli <matt@ahtlawfirm.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Zac Harrington <zac@ahtlawfirm.com>, Larry Thompson <larry@ahtlawfirm.com>, Stafford Davis <sdavis@stafforddavisfirm.com>, Catherine Bartles <cbartles@stafforddavisfirm.com>) on this 10th day of October, 2022.

 /s/Laurence M. Sandell