

**818 18th Street NW, Suite 410**
**Washington, DC  20006-3506**

**Larry Sandell**
**Attorney at Law**
202-329-9407
lsandell@meimark.com

October 19, 2022

The Honorable Magistrate Judge Susan van Keulen                    **VIA ECF**
U.S. District Court for the Northern District of California
Robert F. Peckham Federal Building & United States Courthouse
280 South 1st Street, Room 2112
San Jose, CA 95113

Re: Unified Ordered to File a Motion to Quash Subpoenas in W.D. Texas
(Case Nos. 6:21-cv-1050 -1051, -1052, -1053, -1054, -1056, -1057, -1058)
While Its Motion to Quash the Same Subpoenas is Pending in this Court (5:22-mc-80270-SVK)

Dear Judge van Keulen:

On behalf of Unified Patents, LLC ("Unified"), I write to inform you of a development regarding Unified Patents, LLC, v. Textile Computer Systems, Inc., 5:22-mc-80270, a matter to which your Honor was assigned on October 11, 2022.

As you are aware, on October 10, 2022, Unified filed this miscellaneous Action and corresponding Motion to Quash eight (8) subpoenas from Textile Computer Systems, Inc. ("Textile") in the San Jose Courthouse. The subpoenas were issued by Textile in furtherance of the eight above-listed patent infringement lawsuits in the Western District of Texas.

On October 11, 2022, Textile sent a draft Rule 11 motion to counsel for Unified contending that the Motion to Quash was frivolous because this Court allegedly did not have jurisdiction to hear it.  Unified disagrees with this contention.

On October 18, 2022, counsel for Textile both appeared via *pro hac vice* application in this Action and e-mailed Rebecca Janke, Law Clerk for the Honorable Judge Alan D. Albright alleging that Unified declined to participate in Judge Albright's discovery dispute procedures that are mandatory for parties in patent cases in that district.[1]

---

[1] Textile partially quoted Unified's reasons for declining to participate and did not identify that Unified requested authority suggesting that Judge Albright's Standing Order governing patent cases would apply to third party subpoena enforcement.  *Compare* Attach. B at p.2 *with* Attach. C at p.1 *and* Sept. 16, 2022, Standing Order Governing Proceedings – Patent cases, at § IV (discovery disputes) (*available at* https://www.txwd.uscourts.gov/wp-content/uploads/Standing%20Orders/Waco/Albright/Standing%20Order%20Governing%20Proceedings%20-%20Patent%20Cases%20091622.pdf ).



The Honorable Magistrate Judge Susan van Keulen
October 19, 2022
Page 2


Today, October 19, 2022, Judge Albright issued the following order:

> Plaintiff Textile Computer Systems, Inc. ("Textile") submitted by
> email a discovery dispute regarding subpoenas for documents that
> Textile served on third-party Unified Patents Inc. ("Unified") in
> each of the above numbered actions. Unified did not participate in
> the discovery dispute procedure. The Court hereby **ORDERS**
> Unified to file a motion to quash in this Court by 12:00pm Friday,
> October 21, 2022. The Court further **ORDERS** Textile to respond
> by Thursday, October 27, 2022. The Court will hold a hearing to
> resolve the dispute.

Dkt. 84 in Case 6:21-cv-01050-ADA at p.3 (Attach. A); *see also* Attach. B at p.1.

Unified brings the matter to this Court's attention because the order would potentially result in
two courts addressing substantially the same matter at substantially the same time.

Sincerely,

/s/  *Laurence M. Sandell*
Laurence M. Sandell


cc:   Rebecca Jahnke, Law Clerk to the Hon. Alan D. Albright (via e-mail)
Counsel for Textile and Defendants in above-listed W.D. of Texas Suits. (via-email)

# Attachment A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1050-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| BROADWAY NATIONAL BANK D/B/A BROADWAY BANK, | |
| Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1051-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| CHARLES SCHWAB BANK, | |
| Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1052-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| COMERICA BANK, | |
| Defendant. | |
| TEXTILE COMPUTER SYSTEMS, INC., | CIVIL ACTION NO. 6:21-cv-1053-ADA |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| FROST BANK, | |
| Defendant. | |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INDEPENDENT BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1054-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>INTERNATIONAL BANK OF<br>COMMERCE,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1055-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>SOUTHSIDE BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1056-ADA<br><br>**JURY TRIAL DEMANDED** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>TEXAS CAPITAL BANK,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1057-ADA<br><br>**JURY TRIAL DEMANDED** |

| | |
|---|---|
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>VANTAGE BANK TEXAS,<br><br>    Defendant. | CIVIL ACTION NO. 6:21-cv-1058-ADA<br><br>**<ins>JURY TRIAL DEMANDED</ins>** |
| TEXTILE COMPUTER SYSTEMS, INC.,<br><br>    Plaintiff,<br><br>v.<br><br>WOODFOREST FINANCIAL GROUP,<br>INC., WOODFOREST FINANCIAL<br>SERVICES, INC., and WOODFOREST<br>NATIONAL BANK,<br><br>    Defendants. | CIVIL ACTION NO. 6:21-cv-1059-ADA<br><br>**<ins>JURY TRIAL DEMANDED</ins>** |

## <ins>ORDER</ins>

Plaintiff Textile Computer Systems, Inc. ("Textile") submitted by email a discovery dispute regarding subpoenas for documents that Textile served on third-party Unified Patents Inc. ("Unified") in each of the above numbered actions. Unified did not participate in the discovery dispute procedure. The Court hereby **ORDERS** Unified to file a motion to quash in this Court by 12:00pm Friday, October 21, 2022. The Court further **ORDERS** Textile to respond by Thursday, October 27, 2022. The Court will hold a hearing to resolve the dispute.

**SIGNED** this 19th day of October, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

# Attachment B

**jhochberger@meimark.com**

| | |
|---|---|
| **From:** | Rebecca Jahnke <Rebecca_Jahnke@txwd.uscourts.gov> |
| **Sent:** | Wednesday, October 19, 2022 11:46 AM |
| **To:** | Matt Antonelli |
| **Cc:** | 'daroodman@bclplaw.com'; 'nick.williamson@bclplaw.com'; 'pstradley@merchantgould.com'; 'rscobie@merchantgould.com'; Mayne, Morgan; natalie.gonzales@bakerbotts.com; mvandertuig_atllp.com; 'jblake@merchantgould.com'; 'hcgalvan@jonesday.com'; 'kbdavis@jonesday.com'; Brell, George; 'cbuxton@jonesday.com'; RBrophy@atllp.com; 'christa.sanford@bakerbotts.com'; 'syed.fareed@bakerbotts.com'; DL Frost Bank - Textile; WTzeng@atllp.com; Michael Smith; mli@meimark.com; mei@meimark.com; Larry Sandell; P. Andrew Riley; Larry Thompson; Zac Harrington; Ryan Pinckney; Stafford Davis; cbartles@stafforddavisfirm.com |
| **Subject:** | RE: Discovery Dispute Regarding Unified Patents in Textile Case Nos. 6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, -1057, -1058 |

Counsel,

<mark>The Court orders Unified to file a motion to quash in this Court by 12pm this Friday, October 21, 2022. Textile will respond by Thursday, October 27, 2022. The Court will then hold a hearing to resolve this dispute the following week. An official Order is forthcoming on the docket.</mark>



**Becca Jahnke**
*Law Clerk to the*
*Hon. Alan D Albright*
U.S. District Court
Western District of Texas
Office:  **254-750-1522**

---

**From:** Matt Antonelli <matt@ahtlawfirm.com>
**Sent:** Monday, October 17, 2022 6:17 PM
**To:** Rebecca Jahnke <Rebecca_Jahnke@txwd.uscourts.gov>; TXWDml_LawClerks_WA_JudgeAlbright <TXWDml_LawClerks_WA_JudgeAlbright@txwd.uscourts.gov>
**Cc:** 'daroodman@bclplaw.com' <daroodman@bclplaw.com>; 'nick.williamson@bclplaw.com' <nick.williamson@bclplaw.com>; 'pstradley@merchantgould.com' <pstradley@merchantgould.com>; 'rscobie@merchantgould.com' <rscobie@merchantgould.com>; Mayne, Morgan <morgan.mayne@bakerbotts.com>; natalie.gonzales@bakerbotts.com; mvandertuig_atllp.com <mvandertuig@atllp.com>; 'jblake@merchantgould.com' <jblake@merchantgould.com>; 'hcgalvan@jonesday.com' <hcgalvan@jonesday.com>; 'kbdavis@jonesday.com' <kbdavis@jonesday.com>; Brell, George <George.Brell@bclplaw.com>;

'cbuxton@jonesday.com' <cbuxton@jonesday.com>; RBrophy@atllp.com; 'christa.sanford@bakerbotts.com' <christa.sanford@bakerbotts.com>; 'syed.fareed@bakerbotts.com' <syed.fareed@bakerbotts.com>; DL Frost Bank - Textile <dlfrostbank-textile@BakerBotts.com>; WTzeng@atllp.com; Michael Smith <michael.smith@solidcounsel.com>; mli@meimark.com; mei@meimark.com; Larry Sandell <lsandell@meimark.com>; P. Andrew Riley <ariley@meimark.com>; Larry Thompson <larry@ahtlawfirm.com>; Zac Harrington <zac@ahtlawfirm.com>; Ryan Pinckney <ryan@ahtlawfirm.com>; Stafford Davis <sdavis@stafforddavisfirm.com>; Cbartles@stafforddavisfirm.com
**Subject:** Discovery Dispute Regarding Unified Patents in Textile Case Nos. 6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, -1057, -1058

==CAUTION - EXTERNAL:==


Dear  Ms. Jahnke:

Textile and third-party Unified Patents have a discovery dispute regarding subpoenas for documents that Textile served on Unified in each of the above-referenced actions.

Per Section IV of the Court's Standing Order Governing Proceedings—Patent Cases, Textile prepared the table set forth below summarizing the issues and specific relief requested.  Textile sent the table to counsel for Unified—the same counsel who served objections to the subpoenas on behalf of Unified and who participated in the meet and confer with counsel for Textile.  Textile asked Unified to provide its positions for the table within three business days so that the dispute could be presented to the Court.

Today, on the third business day, ==Unified announced that it "respectfully decline[s] to participate  in this 'discovery dispute' procedure" on the following grounds:==

- ==Unified "cannot ethically participate in litigation before the Court at this time" because "none of the attorneys representing Unified Patents in this matter have made an appearance on Unified's behalf in this matter in the Western District of Texas" and they are "not licensed to practice in W.D. Tex."==

- ==The discovery dispute procedure set forth in the standing order does not apply to subpoenas served on third parties like Unified.==

- ==Unified is "still assessing the propriety of [the Northern District of California's] jurisdiction" to hear an anticipatory motion to quash that Unified filed there even though Textile's subpoenas required compliance in (and issued from) this district.==

==These are obviously bad reasons for Unified's refusal to participate in this process.==  Accordingly, Textile asks the Court to grant the relief requested in the table below.  Alternatively, Textile asks the Court to order Unified to provide its positions immediately so that Textile can submit a completed table to the Court.

Textile has cc'd counsel for both the parties and Unified on this email.

Respectfully submitted,

2

Matthew Antonelli
Antonelli, Harrington & Thompson LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3005 (direct)
(646) 228-5996 (cell)
(713) 581-3020 (fax)
www.ahtlawfirm.com
matt@ahtlawfirm.com

| Issue | Textile's Position | Unified's Position |
|---|---|---|
| 1. Contracts and communications between Unified Patents and certain third parties. | **REQUESTED ORDER**<br>Within one week, Unified must produce its contracts and communications, if any, with Apple, Google, Samsung, Visa, Mastercard, American Express, Discover, Jack Henry, or Fiserv.<br><br>**ARGUMENT**<br>***These documents are relevant.***  Unified was formed to file IPRs on behalf of its members.  Unified leverages its IPRs to seek patent licenses that protect its members (and their customers).<br><br>Unified filed an IPR on Textile's 079 Patent.  Unified was unsuccessful:  the 079 patent was confirmed in a final written decision.  So IPR estoppel applies.  And it applies not only to Unified, but also to the real parties in interest, and privies.  35 USC § 315(e)(2).<br><br>Textile accuses the defendant banks of infringing by using payment systems (such as Visa and Mastercard) to provide ApplePay, SamsungPay, and GooglePay services to their account holders through contracts with Apple, Samsung, Google, Mastercard, Visa, and others.  At least Mastercard, Apple, and Samsung have been publicly disclosed as Unified members.<br><br>Textile contends that Unified's members are the RPIs for the 079 IPR and that the defendant banks are privies of those RPIs and Unified.  The discovery Textile seeks will show that Unified acted on behalf of its members (and their customers) when it filed the 079 IPR.<br><br>***The requested discovery is not unduly burdensome***.  Because Unified claims that it does not act on behalf of its members, the requested documents should be limited.  But even discounting Unified's claim, this discovery is not unduly burdensome.  As the Federal Circuit has ruled—expressly about Unified—it is "particularly important that the [fact finder] conduct a critical assessment of a party's assertions regarding the real party-in-interest issue" and "[s]uch a critical assessment is especially warranted in a case in which a petitioner's entire business model is to challenge patents on behalf of others."  *Fall Line Patents, LLC v. Unified Patents LLC*, Case No. 19-1956, Dkt. 92 at 8, n.1 (Fed. Cir. July 28, 2020).<br><br>***Unified's frivolous motion in California is no bar to this Court ruling.***  One day before a scheduled meet and confer, Unified filed an anticipatory motion to quash in the Northern District of California.  That motion is frivolous:  because the subpoenas specify Waco as the place of compliance, this Court is the proper forum for a motion to quash.  *See* Fed. R. Civ. P. | |

45(d)(3) (allowing a motion to quash in the "court for the district where compliance is required"); *Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018) (holding that the "district where compliance is required" is the place for compliance specified by the subpoena).

***The subpoenas properly require compliance in Waco.***  Subpoenas for documents may command production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Unified has employees and regularly transacts business at locations that are within 100 miles of Waco.  *See, e.g.,* https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=294458 (identifying the "primary practice location" of Unified's Legal Head—NPE).  Unified does not dispute this.  Indeed, Unified waived this issue when it filed its motion to quash in California by challenging Textile's subpoenas on multiple grounds, but not because they require an improper place of compliance.

| | |
|---|---|
| 2. Meetings between Unified Patents and its members. | **REQUESTED ORDER**<br>Within one week, Unified must produce documents sufficient to identify meetings, and the documents used or exchanged during meetings, between Unified Patents and Apple, Google, Samsung, Visa, Mastercard, American Express, Discover, Jack Henry, or Fiserv.<br><br>**ARGUMENT**<br>Textile contends that Unified regularly meets with its members.<br><br>For example, it has been publicly disclosed that Unified's CEO travels to Korea and meets with Samsung approximately three times a year.  During those meetings Unified always talks to Samsung about why they should pay Unified to renew their membership.  Specifically, they review the IPRs they filed in the "zones" (which Unified used to call "Micro-Pools") for which Samsung previously paid, and they tell Samsung that "if you like the work we did on behalf of the zone, sign up again." Unified defines subject matter "zones" so that its members can make sure that their payments to Unified are used to file IPRs on patents relating to subject matters that they care about.<br><br>Documents sufficient to identify these meetings, and documents used or exchanged during these meetings, are directly relevant to IPR estoppel and should be produced for the reasons discussed above for issue no. 1. |
| 3. Unified's members. | **REQUESTED ORDER**<br>Within one week, Unified must produce documents sufficient to identify its members.<br><br>**ARGUMENT**<br>Unified publicly discloses some of its members but keeps others secret.  Unified's member list is directly relevant so that Textile can identify the RPIs for the 079 IPR, including specifically members with whom the defendant banks are in privity.  It would be minimally burdensome for Unified to provide its member list.<br><br>***Unified's confidentiality concerns are bogus.***  Unified argues that the identify of its members is "highly confidential."  But many of its members are disclosed on Unified's own website.  Unified cannot reasonably articulate any reason why the mere identify of its members must be kept secret from the public.  Indeed, Unified Patents previously engaged in protracted litigation to protect the identity of a "highly confidential" member in the past—only to ultimately abandon its confidentiality claim when the issue was presented to the Federal Circuit.  In any event, even if there were any legitimate confidentiality concerns, the protective orders entered in these cases are more than adequate. |
| 4. Unified's members in certain "zones." | **REQUESTED ORDER**<br>Within one week, Unified must produce documents sufficient to identify its members who subscribed to each of the following Unified "zones":  content, cloud, transactions, retail, mobile, cybersecurity, open source, and networking.<br><br>**ARGUMENT** |

| | |
|---|---|
| | Textile has identified certain Unified "zones" from those listed on Unified website that relate to the technology described and claimed in the 079 Patent and that are likely to have relevant members.  Documents sufficient to identify the members in these "zones" are directly relevant and should be produced for the same reasons set forth for issue 3 above. |
| 5.  Documents relating to Textile, Gopal Nandakumar, his patents, or the 079 IPR. | **REQUESTED ORDER**<br>Within one week, Unified must produce its communications and other documents relating to Textile, Gopal Nandakumar, any patent or patent application owned by Textile or for which Mr. Nandakumar is a named inventor, or the inter partes review of U.S. Patent No. 8,505,079.<br><br>**ARGUMENT**<br>These documents are relevant to show what considerations led to Unified Patents filing the 079 IPR.  They are thus directly relevant to whether Unified's members (and their privies) are subject to IPR estoppel and should be produced for the same reasons set forth for issue 1 above.<br><br>***Unified's privilege objections***:  Unified objects to this category for seeking privileged information.  But Unified can assert any privilege by serving an appropriate privilege log.  But non-privileged responsive documents should be produced. |

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

# Attachment C

jhochberger@meimark.com

| | |
|---|---|
| **From:** | Larry Sandell <lsandell@meimark.com> |
| **Sent:** | Monday, October 17, 2022 5:12 PM |
| **To:** | Matt Antonelli |
| **Cc:** | Lei Mei; Manni Li; P. Andrew Riley; Ryan Pinckney; Zac Harrington; Larry Thompson; Stafford Davis; cbartles@stafforddavisfirm.com |
| **Subject:** | Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057) |

Counsel:

We respectfully decline to participate in this "discovery dispute" procedure on at least the following grounds.

As an initial matter, none of the attorneys representing Unified Patents in this matter have made an appearance on Unified's behalf in this matter in the Western District of Texas.  Moreover, Unified's counsel is not licensed to practice in W.D. Texas, and accordingly cannot ethically participate in litigation before the Court at this time.

Second, Judge Albright's, April 14, 2022, Standing Order does not address subpoenas, including motions to enforce subpoenas or motions to quash subpoenas. To the extent that you still contend that the Court's Standing Order Governing Proceedings "require[s]" your proposed procedure, please identify your authority.

Third, as Unified is not a party to the proceeding in W.D. Texas, it is, at most, unclear what Judge Albright's standing order is intended to govern Unified or any other third party.  Indeed, the language in the standing order regarding "a Motion to Compel discovery" suggests that it only intended to to govern parties. *E.g., Section IV.* ("If the parties remain at an impasse after lead counsel have met and conferred...").

Fourth, the motion to quash filed in the Northern District of California is still pending. While we are still assessing the propriety of that Court's jurisdiction and your related Rule 11 threat, the motion to quash was filed first and has not been withdrawn to date.  *See also* Judge Albright Patent FAQ at July 20: Rule 11 and Sanctions Motions ("Q. What is the Court's general thoughts on Rule 11 or sanctions motions? A. The Court believes that Rule 11 and sanctions motions are very serious and should not be filed casually. If one is filed, the Court expects that the facts are so strong that virtually any Court in the country would grant that motion. If the Court ultimately denies the motion, the Court will be skeptical that it was filed in good faith to begin with.")

Best,
Larry

Larry Sandell
Attorney at Law
Mei & Mark LLP
202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)

On Oct 12, 2022, at 7:49 PM, Matt Antonelli <matt@ahtlawfirm.com> wrote:

Counsel:

      This concerns our dispute about the subpoenas we served on Unified Patents.  As required by the Court's Standing Order Governing Proceedings—Patent Cases, please provide your text for insertion into the email below no later than 3 business days from now.  We will then submit the email to the Court.

Best regards,

—Matt
———

Subject:  Discovery Dispute Regarding Unified Patents in Textile Case Nos. 6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, -1057, -1058

Dear  Ms. Jahnke:

      Textile and third-party Unified Patents have a discovery dispute regarding the (identical) subpoenas for documents that Textile served in each of the above-referenced actions.  Textile and Unified's positions regarding the dispute are set forth in the table below:

| Issue | Textile's Position | Unified's Position |
|---|---|---|
| 1. Contracts and communications between Unified Patents and certain third parties. | **REQUESTED ORDER**<br>Within one week, Unified must produce its contracts and communications, if any, with Apple, Google, Samsung, Visa, Mastercard, American Express, Discover, Jack Henry, or Fiserv.<br><br>**ARGUMENT**<br>***These documents are relevant.***  Unified was formed to file IPRs on behalf of its members.  Unified leverages its IPRs to seek patent licenses that protect its members (and their customers).<br><br>Unified filed an IPR on Textile's 079 Patent.  Unified was unsuccessful:  the 079 patent was confirmed in a final written decision.  So IPR estoppel applies.  And it applies not only to Unified, but also to the real parties in interest, and privies.  35 USC § 315(e)(2). | |

Textile accuses the defendant banks of infringing by using payment systems (such as Visa and Mastercard) to provide ApplePay, SamsungPay, and GooglePay services to their account holders through contracts with Apple, Samsung, Google, Mastercard, Visa, and others.  At least Mastercard, Apple, and Samsung have been publicly disclosed as Unified members.

Textile contends that Unified's members are the RPIs for the 079 IPR and that the defendant banks are privies of those RPIs and Unified.  The discovery Textile seeks will show that Unified acted on behalf of its members (and their customers) when it filed the 079 IPR.

***The requested discovery is not unduly burdensome.***  Because Unified claims that it does not act on behalf of its members, the requested documents should be limited.  But even discounting Unified's claim, this discovery is not unduly burdensome.  As the Federal Circuit has ruled—expressly about Unified—it is "particularly important that the [fact finder] conduct a critical assessment of a party's assertions regarding the real party-in-interest issue" and "[s]uch a critical assessment is especially warranted in a case in which a petitioner's entire business model is to challenge patents on behalf of others."  *Fall Line Patents, LLC v. Unified Patents LLC*, Case No. 19-1956, Dkt. 92 at 8, n.1 (Fed. Cir. July 28, 2020).

***Unified's frivolous motion in California is no bar to this Court ruling.***  One day before a scheduled meet and confer, Unified filed an anticipatory motion to quash in the Northern District of California.  That motion is frivolous:  because the subpoenas specify Waco as the place of compliance, this Court is the proper forum for a motion to quash.  *See* Fed. R. Civ. P. 45(d)(3) (allowing a motion to quash in the "court for the district where compliance is required"); *Strike 3 Holdings, LLC v. Doe*, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018) (holding that the "district where compliance is required" is the place for compliance specified by the subpoena).

***The subpoenas properly require compliance in Waco.***  Subpoenas for documents may command production "at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."  Unified has employees and regularly transacts business at locations that are within 100 miles of Waco.  *See, e.g.,* https://www.texasbar.com/AM/Template.cfm?Section=Find_A_Lawyer&template=/Customsource/MemberDirectory/MemberDirectoryDetail.cfm&ContactID=294458 (identifying the "primary practice location" of Unified's Legal Head—NPE).  Unified does not dispute this.  Indeed, Unified waived this issue when it filed its motion to quash in California by challenging Textile's subpoenas on multiple grounds, but not because they require an improper place of compliance.

| | |
|---|---|
| 2.  Meetings between Unified Patents and its members. | **REQUESTED ORDER**<br>Within one week, Unified must produce documents sufficient to identify meetings, and the documents used or exchanged during meetings, between Unified Patents and Apple, Google, Samsung, Visa, Mastercard, American Express, Discover, Jack Henry, or Fiserv.<br><br>**ARGUMENT**<br>Textile contends that Unified regularly meets with its members.<br><br>For example, it has been publicly disclosed that Unified's CEO travels to Korea and meets with Samsung approximately three times a year.  During those meetings Unified always talks to Samsung about why they should pay Unified to renew their membership.  Specifically, they review the IPRs they filed in the "zones" (which Unified used to call "Micro-Pools") for which Samsung previously paid, and they tell Samsung that "if you like the work we did on behalf of the zone, sign up again." Unified defines subject matter "zones" so that its members can make sure that their payments to Unified are used to file IPRs on patents relating to subject matters that they care about.<br><br>Documents sufficient to identify these meetings, and documents used or exchanged during these meetings, are directly relevant to IPR estoppel and should be produced for the reasons discussed above for issue no. 1. |
| 3.  Unified's members. | **REQUESTED ORDER**<br>Within one week, Unified must produce documents sufficient to identify its members.<br><br>**ARGUMENT** |

| | | |
|---|---|---|
| | Unified publicly discloses some of its members but keeps others secret.  Unified's member list is directly relevant so that Textile can identify the RPIs for the 079 IPR, including specifically members with whom the defendant banks are in privity.  It would be minimally burdensome for Unified to provide its member list.<br><br>***Unified's confidentiality concerns are bogus.***  Unified argues that the identify of its members is "highly confidential."  But many of its members are disclosed on Unified's own website.  Unified cannot reasonably articulate any reason why the mere identify of its members must be kept secret from the public.  Indeed, Unified Patents previously engaged in protracted litigation to protect the identity of a "highly confidential" member in the past—only to ultimately abandon its confidentiality claim when the issue was presented to the Federal Circuit.  In any event, even if there were any legitimate confidentiality concerns, the protective orders entered in these cases are more than adequate. | |
| 4.  Unified's members in certain "zones." | **REQUESTED ORDER**<br>Within one week, Unified must produce documents sufficient to identify its members who subscribed to each of the following Unified "zones":  content, cloud, transactions, retail, mobile, cybersecurity, open source, and networking.<br><br>**ARGUMENT**<br>Textile has identified certain Unified "zones" from those listed on Unified website that relate to the technology described and claimed in the 079 Patent and that are likely to have relevant members.  Documents sufficient to identify the members in these "zones" are directly relevant and should be produced for the same reasons set forth for issue 3 above. | |
| 5.  Documents relating to Textile, Gopal Nandakumar, his patents, or the 079 IPR. | **REQUESTED ORDER**<br>Within one week, Unified must produce its communications and other documents relating to Textile, Gopal Nandakumar, any patent or patent application owned by Textile or for which Mr. Nandakumar is a named inventor, or the inter partes review of U.S. Patent No. 8,505,079.<br><br>**ARGUMENT**<br>These documents are relevant to show what considerations led to Unified Patents filing the 079 IPR.  They are thus directly relevant to whether Unified's members (and their privies) are subject to IPR estoppel and should be produced for the same reasons set forth for issue 1 above.<br><br>***Unified's privilege objections***:  Unified objects to this category for seeking privileged information.  But Unified can assert any privilege by serving an appropriate privilege log.  But non-privileged responsive documents should be produced. | |

Matthew Antonelli
Antonelli, Harrington & Thompson LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3005 (direct)
(646) 228-5996 (cell)
(713) 581-3020 (fax)
www.ahtlawfirm.com
matt@ahtlawfirm.com

**From:** Matt Antonelli <matt@ahtlawfirm.com>
**Date:** Tuesday, October 11, 2022 at 11:38 AM
**To:** Larry Sandell <lsandell@meimark.com>, "mei@meimark.com" <mei@meimark.com>, "mli@meimark.com" <mli@meimark.com>, "P. Andrew Riley" <ariley@meimark.com>
**Cc:** Ryan Pinckney <ryan@ahtlawfirm.com>, Zac Harrington <zac@ahtlawfirm.com>, Larry Thompson <larry@ahtlawfirm.com>, Stafford Davis <sdavis@stafforddavisfirm.com>, "cbartles@stafforddavisfirm.com" <cbartles@stafforddavisfirm.com>, Steven Nielsen <steve@nielsenpatents.com>
**Subject:** Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)

Counsel—

As explained in the attached Rule 11 motion (not yet filed), Unified's position that it was proper to file its motion to quash in the Northern District of California is frivolous.  Accordingly, Textile intends to file the attached Rule 11 motion if Unified does not withdraw its motion within 21 days.

We look forward to speaking with you further during our scheduled meet and confer at noon central today.

Best regards,

Matthew Antonelli
Antonelli, Harrington & Thompson LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3005 (direct)
(646) 228-5996 (cell)
(713) 581-3020 (fax)
www.ahtlawfirm.com
matt@ahtlawfirm.com

**From:** Larry Sandell <lsandell@meimark.com>
**Date:** Monday, October 10, 2022 at 12:32 PM
**To:** Matt Antonelli <matt@ahtlawfirm.com>
**Cc:** "P. Andrew Riley" <ariley@meimark.com>, Ryan Pinckney <ryan@ahtlawfirm.com>, Zac Harrington <zac@ahtlawfirm.com>, Larry Thompson <larry@ahtlawfirm.com>, Stafford Davis <sdavis@stafforddavisfirm.com>, "cbartles@stafforddavisfirm.com"

<cbartles@stafforddavisfirm.com>

**Subject:** Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)

*External Sender*

Attachments available until Nov 9, 2022

Hi Matt and Ryan,

Please find attached for service:

- (1) Unified's objections and responses to the eight subpoenas issued by Textile in the W.D. Texas litigations.
- (2) Unified Patent's Motion to Quash the Subpoenas, which has just been filed in the Northern District of California, along with the corresponding declarations, and proposed order, and exhibits.

I am in receipt of the dial-in information for tomorrow's meet and confer. Please let me know if you would like to postpone or cancel the meet and confer in light of the motion to quash. Otherwise, I will plan to speak with you then.

Thank you.

Best,
Larry

| Click to Download |
|---|
| 20221010 Unified Response to Textile Subpoenas.pdf |
| 237 KB |

| Click to Download |
|---|
| 20221010 Dkt 1 5-22-mc-80270.zip |
| 26 MB |

Larry Sandell
Attorney at Law
Mei & Mark LLP
202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)
lsandell@meimark.com | www.meimark.com
Office Address: 818 18th Street NW, Suite 410, Washington, DC 20006
Mailing Address:  P.O. Box 65981, Washington, DC 20035-5981

6

On Oct 3, 2022, at 4:33 PM, Matt Antonelli <matt@ahtlawfirm.com> wrote:

Larry—

This responds to your email below.

<u>Relevance</u>

You argue that we should withdraw our subpoenas because they seek irrelevant information.  But, as we have already explained, each of the actions for which we have served our subpoena involve the 079 Patent.  Unified Patents chose to file an IPR against the 079 Patent. As you are aware, Unified's IPR was unsuccessful.  That means IPR estoppel applies in our actions to the extent that any defendant was a Real Party in Interest for the 079 Patent, or a privy of a Real Party in Interest.  *See* 35 USC § 315(e)(2).  We contend that Unified's members (or at least its members of relevant zones) are the RPIs for the 079 IPR.  We also contend that the defendants in our actions are either RPIs or privies of Unified.  Our discovery is directly relevant to prove our contentions and is proportional to the needs of our case.  *See, e.g., Fall Line Patents, LLC v. Unified Patents LLC*, Case No. 19-1956, Dkt. 92 at 8, n. 1 (Fed. Cir. July 28, 2020) (citing *Applications in Internet Time, LLC v. RPX Corp.*, 897 F.3d 1336, 1352 (Fed. Cir. 2018) (explaining that it is "particularly important that the [fact finder] conduct a critical assessment of a party's assertions regarding the real party-in-interest issue" and that "[s]uch a critical assessment is especially warranted in a case in which a petitioner's entire business model is to challenge patents on behalf of others").

<u>Confidentiality</u>

You also argue that we should withdraw our subpoenas because they seek confidential information.  We do not agree that any of the information sought by our subpoenas is "highly confidential" or would pose any risk to Unified.  That Unified enters into confidentiality agreements with its members (by which it has tried to hide the true nature of its relationship with its members) is no reason to avoid the discovery sought by our subpoena.  Moreover, in the past, despite vigorously pressing confidentiality objections, Unified, when tested, has ultimately abandoned its confidentiality objections.  In any event, all of this can be put aside because Unified can designate materials (assuming it has a good faith basis to do so) under the protective order entered in our case, which we provided to Unified along with our subpoenas.

<u>Privilege</u>

Finally, you argue that we should withdraw our subpoenas because they seek "clearly privileged materials."  But the first 4 of our 5 document requests are clearly directed to documents for which Unified cannot possibly claim privilege.  They are directed to communications and documents exchanged with your members and documents sufficient to identify your members—members with whom Unified has no privileged relationship.  Our 5th topic conceivably may involve some privileged communications with the attorneys who represented Unified in the IPR.  But if that is the case, Unified must claim the privilege and serve a privilege log establishing the basis for the claim.

7

In view of the above, we are not willing to withdraw our subpoenas.  We can discuss this on our meet and confer scheduled for noon central on October 11th after we receive Unified's formal response to the subpoena.  We'd be happy to also talk earlier if you would like, just let us know.

Best regards,

—Matt

Matthew Antonelli
Antonelli, Harrington & Thompson LLP
4306 Yoakum Blvd., Ste. 450
Houston, TX 77006
(713) 581-3005 (direct)
(646) 228-5996 (cell)
(713) 581-3020 (fax)
www.ahtlawfirm.com
matt@ahtlawfirm.com

---

**From:** Larry Sandell <lsandell@meimark.com>
**Date:** Monday, October 3, 2022 at 12:10 PM
**To:** Ryan Pinckney <ryan@ahtlawfirm.com>
**Cc:** "P. Andrew Riley" <ariley@meimark.com>, Matt Antonelli <matt@ahtlawfirm.com>
**Subject:** Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)

*External Sender*
Hi Ryan and Matt,

I write to followup on our call of September 21, 2022.

First, I would like to reiterate our request that the eight subpoenas be withdrawn.   It is our position that these subpoenas seek information that his irrelevant to any claim or defense in the corresponding litigations and, further, seek highly confidential information and well as clearly privileged materials.

If Textile is not willing to withdraw the subpoenas, I reiterate my request for any authority you have to support your theory that IPR estoppel applies because some of the Defendants may have business relationships with firms that may be members of Unified.

I am available for an additional telephonic meet and confer if you think it may be fruitful.

Best,
Larry

Larry Sandell
Attorney at Law
Mei & Mark LLP
202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)
lsandell@meimark.com | www.meimark.com
Office Address: 818 18th Street NW, Suite 410, Washington, DC 20006
Mailing Address:  P.O. Box 65981, Washington, DC 20035-5981


On Sep 20, 2022, at 12:52 PM, Ryan Pinckney <ryan@ahtlawfirm.com> wrote:

Thank you Larry.  We will call you then.

Best,

Ryan

---

**From:** Larry Sandell <lsandell@meimark.com>
**Sent:** Tuesday, September 20, 2022 11:43 AM
**To:** Ryan Pinckney <ryan@ahtlawfirm.com>
**Cc:** P. Andrew Riley <ariley@meimark.com>; Matt Antonelli <matt@ahtlawfirm.com>
**Subject:** Re: Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)

*External Sender*

Hi Ryan,

You can call me tomorrow on my direct line at 12 PM CT/ 1 PM ET.

9

Thank you for agreeing to the extension.  I will plan to make myself available on October 11.  Tentatively, I will reserve 12 PM CT/ 1 PM ET in my calendar to hold the time.

Best,
Larry

Larry Sandell
Attorney at Law
Mei & Mark LLP
202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)
lsandell@meimark.com | www.meimark.com
Office Address: 818 18th Street NW, Suite 410, Washington, DC 20006
Mailing Address:  P.O. Box 65981, Washington, DC 20035-5981


On Sep 20, 2022, at 12:33 PM, Ryan Pinckney <ryan@ahtlawfirm.com> wrote:

Hi Larry,

Thank you for your email.

For a call tomorrow, how does noon central time work?  We can call you then on your direct number below if that works.

As for an extension, we are okay pushing out the date by two weeks to October 10th if you will agree that lead counsel will be available on October 11th to meet and confer with us concerning any objections you end up serving.

Thank you,

Ryan Pinckney

**From:** Larry Sandell <lsandell@meimark.com>
**Sent:** Tuesday, September 20, 2022 10:59 AM
**To:** Ryan Pinckney <ryan@ahtlawfirm.com>
**Cc:** P. Andrew Riley <ariley@meimark.com>

10

**Subject:** Unified Patents Subpoenas in Textile Computer Sys matters in WD Tex. (6:21-cv-1050, -1051, -1052, -1053, -1054, -1056, & -1057)

*External Sender*

Hi Ryan,

I am counsel for United Patents and am in receipt of the set of subpoenas dated Sept 7, 2022.

First, please advise if you would be amenable to a two-week extension to respond.

Second, I'd like to schedule a time to discuss over the phone.  Could you please provide a few times that you'd be available to meet and confer tomorrow, September 21?   It is our hope that after discussing, Textile Computer Systems would withdraw the subpoenas and we can avoid unnecessary motion practice.

Thank you and I look forward to your prompt response.

Best,
Larry

Larry Sandell
Attorney at Law
Mei & Mark LLP
202-329-9407 | 888-860-5678 x717 (US Toll Free) | 202-567-6417 x717 (International) | 888-706-1173 (Fax)
lsandell@meimark.com | www.meimark.com
Office Address: 818 18th Street NW, Suite 410, Washington, DC 20006
Mailing Address:  P.O. Box 65981, Washington, DC 20035-5981

11