# ANTONELLI, HARRINGTON & THOMPSON LLP

4306 YOAKUM BOULEVARD, SUITE 450 • HOUSTON, TX 77006 • 713-581-3000 • FAX: 713-581-3020

October 19, 2022

*By ECF Only*

Hon. Susan van Keulen
United States District Court
Robert F. Peckham Federal Building & United States Courthouse
280 South 1st Street, Room 212
San Jose, CA 95113

    Re:    *Unified Patents, LLC v. Textile Computer Systems, Inc.,* No 5:22-cv-80270

Dear Judge van Keulen:

    This responds to the letter filed by Unified Patents earlier this evening. Dkt. No. 8. Textile writes to clarify three things.

    First, Textile did not move to enforce its subpoenas in Texas in response to Unified filing its motion to quash here. What really happened is that Unified secured an extension of time to respond to Textile's subpoenas to October 10. In return for that extension, Unified agreed that its lead counsel would complete a meet and confer the next day on any objections that it had. Textile was required to wait for Unified's formal objections and to complete that meet and confer before it could begin the process of enforcing its subpoenas in the Texas court. Despite its agreement, Unified chose to file an anticipatory motion in this Court a day earlier, in an ill-conceived attempt to be the first party to file a motion on the dispute.

    Second, Unified informs the Court that Textile sent it a Rule 11 motion (perhaps to suggest that Textile is acting too aggressively). But, notably, Unified does not tell the Court why Textile served a Rule 11 motion. This Court's own decisions make clear that, because Textile's subpoenas specified Waco as the place of compliance, Unified was required to file its motion in the Western District of Texas. *See, e.g., Uniloc USA, Inc. v. Apple Inc.*, No. 19-cv-01692, 2020 WL 6262349, at *2 (N.D. Cal. Oct. 23, 2020) ("[U]nder the plain language of Rule 45(d), Apple's motion to compel is properly filed in this district, as it is the place where compliance is required on the face of the subpoena . . . ."); *Strike 3 Holdings, LLC v. Doe*, No. 18CV02019YGREDL, 2018 WL 10604533, at *2 (N.D. Cal. Sept. 14, 2018) ("[T]his Court does not have the authority to quash the subpoena pursuant to Rule 45. Rule 45 provides that '[o]n timely motion, *the court for the district where compliance is required* must quash or modify a subpoena' . . . . Here, the subpoena lists Los Angeles, California as the place for compliance."). Unified has no reasonable basis for contending otherwise. Indeed, on October 17—a week after it filed its motion in this Court—Unified reported that "we are *still assessing* the propriety of [the Northern District of California's] jurisdiction" to hear its motion to quash. *See* Unified's Letter, Attachment C (emphasis added).

Third, in addition to ordering Unified to file a motion to quash in the Western District of Texas and setting an expedited briefing schedule, the Texas court informed Textile and Unified that it will "hold a hearing to resolve this dispute" the week of October 31. *See* Unified Letter, Attachment B.

Textile will address these issues in more depth when it files its opposition to Unified's motion to quash (assuming that Unified does not withdraw it first under the Rule 11 safe harbor). But in view of Unified's letter, Textile wanted to make sure that the Court had these clarifications.

            Respectfully submitted,

            Matthew Antonelli

cc:  all counsel of record (by ECF only)